WASHINGTON & I. R. Co. *v.* COEUR D'ALENE RY. & NAV. Co.

*(Circuit Court, D. Idaho.* October 21, 1892.)

1. PUBLIC LANDS—RAILROAD RIGHT OF WAY—HOW AND WHEN ACQUIRED.

The act of March 3, 1875, (1 Supp. Rev. St., 2d Ed., 91,) among other things grants a right of way over public lands to any "duly-organized" railroad company which shall have filed with the secretary of the interior a copy of its articles of incorporation and "due proof" of its organization. *Held,* that the "due organization," and the furnishing of "due proof" thereof, are conditions precedent to the acquirement of any right to such right of way.

2. SAME.

Under this act, when a railroad company, organized under a territorial statute requiring its route to be set out in some detail in its articles of incorporation, subsequently changes its route, by filing supplemental articles, so as to cross certain public lands, it is "organized," for the purpose of building a road over such lands, only from the date of the supplemental articles, and can only acquire a right of way on furnishing due proof, in the manner specified, of such organization.

3. SAME.

Where the only evidence that a railroad has filed the documentary proof of organization is a copy, certified by the commissioner of the general land office, of a communication from the president of the railroad to the secretary of the interior, stating that the former transmits therewith the necessary documents, which communication is indorsed as received at the interior department on a certain date, such date is the earliest at which the railroad can have acquired the right of way.

4. SAME—DUE PROOF OF ORGANIZATION.

Laws Mont. T. July 6, 1886, § 301, provide that the due incorporation of a company shall, without further proof or acts, operate as its organization. *Held,* that the filing with the secretary of the interior of a copy of articles of incorporation of a railroad under said statute, and a copy of the statute, operates as proof of the organization, within the meaning of 1 Supp. Rev. St. 91, and the right of way over public lands therein granted is acquired at the date of such filing.

5. SAME—UNAUTHORIZED SURVEY.

A survey by a railroad which has not yet complied with the conditions of the statute confers no rights, as against another railroad which has complied with such conditions, but has as yet made no survey.

6. SAME—UNSURVEYED LANDS—ERRONEOUS PLAT FILED BY MISTAKE.

Section 4 of the act (1 Supp. Rev. St., 2d Ed., 91) provides, among other things, that a profile of the road, if on surveyed public lands, shall be filed within 12 months. A railroad surveyed three routes over unsurveyed public lands, and by mistake filed a plat showing the wrong route. Another railroad had previously made an unauthorized survey, but took no further steps until the first road was completed and in operation. *Held,* that the first road was not required to file any plat, and the second road was not misled or damaged by the filing of the erroneous plat.

At Law. Action of ejectment by the Washington & Idaho Railroad Company against the Coeur d'Alene Railway & Navigation Company and others for a right of way over public lands. Judgment for defendants.

*D. C. Lockwood,* for plaintiff.

*McBride & Allen* and *Albert Hagan,* for defendants.

BEATTY, District Judge. This action is ejectment for a railroad right of way, consisting of a strip of ground 200 feet wide by 4,100 feet long, at the town of Wallace, Idaho, and on the unsurveyed public lands of the United States. Only the first-named defendant appears in the action, and each party, for its claim to the premises in controversy, relies upon the provisions of the act of congress approved March 3, 1875, (1

Supp. Rev. St., 2d Ed., 91,) by section 1 of which it is provided that the right of way through the public lands "is hereby granted to any railroad duly organized under the laws of any state or territory, * * * which shall have filed with the secretary of the interior a copy of its articles of incorporation, and due proof of its organization under the same." The construction of this statute cannot be the subject of doubt. It requires the performance of certain conditions prior to the operation of the grant. The right is not to a corporation to be, but to one that is, organized; not to one which shall subsequently file its articles of incorporation, and due proof of its organization, but to that which has done so. The government simply makes an offer which ripens into a grant or a contract the instant the prescribed conditions are performed. An attempt to exercise the privilege does not, through relation, become a vested right by a subsequent performance of those conditions, but the several steps recited in the statute—the organization of the company and the due filing of its articles of incorporation and the proof of such organization—must be taken by any corporation before it can obtain any claim whatever to such right of way over the public lands, and any of its acts or claims made to procure such right prior to a compliance with the statutory conditions, being without the authority of law, can confer no rights, and certainly not as against the company which does comply with the law. Attention has not been directed to any construction of this statute by the national courts, but the foregoing views may be inferred from, if not fully sustained by, *New Brighton & N. C. R. Co.* v. *Pittsburgh, Y. & C. R. Co.*, 105 Pa. St. 13. *Railroad Co.* v. *Sture*, (Minn.) 20 N. W. Rep. 229; *Railroad Co.* v. *Davis*, (Fla.) 7 South. Rep. 30; and *Larsen* v. *Railway Co.*, (Or.) 23 Pac. Rep. 976.

From the testimony it appears the plaintiff company was organized July 3, 1886, under the laws of Washington Territory, but whether duly organized according to those laws has not been shown, nor are they, as they then existed, now accessible to the court; but from the fact that plaintiff, in its articles of incorporation, set out in some detail the general description of the proposed route its road would take, it may be presumed the statute of said territory provided, as most statutes upon the same subject do, that such route and the termini must be described in the articles of incorporation. It appears by plaintiff's said articles that its proposed road was to run from a point in said territory to the town of Wardner, in Shoshone county, Idaho, which did not include the right of way or ground in controversy. It follows, therefore, by plaintiff's own showing, that when it was so organized it was not for the purpose of building a road over this ground, and that it did not then claim any right of way over it. It did, however, by supplemental articles of incorporation, entered into on the 8th day of November, 1886, provide for an extension of its road through the town of Wallace, over the premises in controversy, and therein described the route of the same. This latter date is therefore the earliest at which plaintiff was organized to build a road over such premises.

That plaintiff has filed with the secretary of the interior copies of its articles of corporation, original and supplemental, and due proof of its organization, is not clearly shown.   The only evidence tending to establish such facts is what is certified by the commissioner of the general land office to be a copy of a communication of the president of plaintiff company, addressed to the secretary of the interior on December 2, 1886, in which it is stated that he transmits therewith, to said secretary, "a copy of the articles of incorporation," and a copy of the Washington statute under which the incorporation was made, which bears an indorsement of its receipt at the interior department, on the 22d day of December, 1886, and that it "incloses copy of articles of incorporation and due proof of organization."   While this is not an explicit statement that a copy of the supplemental articles was also filed, yet it may be admitted it was included, and it follows that the 22d day of December, 1886, was the earliest date when, by a compliance with the other conditions of the statute, the plaintiff was fully authorized to enter upon the disputed premises for the purpose of claiming or occupying them as a right of way for its road.   Upon this last-named date the grant from the government would take effect, provided such premises were then unclaimed public land.

The defendant (the Coeur d'Alene Railway & Navigation Company) was incorporated under the laws of Montana territory on the 6th day of July, 1886, and in its articles describes and includes, as a portion of its proposed railroad route, the premises in question.   On the 20th day of the same month it filed with the secretary of the interior a copy of its said articles, and a copy of the Montana statute under which it was incorporated, copies of both of which, officially certified to by the commissioner of the general land office, are in evidence.   Section 301 of said Montana statute provides that the due incorporation of a company shall, without further proof or acts, operate as its organization; hence filing with the secretary proof of the incorporation operated also as proof of the organization.   It thus appears that defendant, by said 20th day of July, had fully complied with the statute, and was on that date authorized to take any steps necessary for the possession and acquisition of the right of way in controversy, and in this respect was prior to plaintiff. On October 29, 1886, defendant ran the survey of its line over such premises, being the day after the plaintiff surveyed its route over practically the same line.   But, as before concluded, the plaintiff was not authorized to take any possession of the premises prior to the 22d day of December, 1886.   Its said survey, on the 28th day of October, 1886, conferred no rights whatever upon it as against defendant.

It is also urged by plaintiff that defendant surveyed three different lines at said town of Wallace, indicated on exhibits as "A," "B," and "C," the last being the one in dispute, and that on the 8th day of November, 1886, it filed in the local land office a plat of its route in which line B was indicated as the one adopted, and that plaintiff was thereby misled to its injury.   The evidence shows that the filing of line B was not to

deceive plaintiff, but was done by mistake, and that C was the line adopted, and the one of which it was intended to file a plat. But can plaintiff complain of this? The only provision of said act of congress requiring the filing of such plat in the local land office is that of section 4, directing that, within 12 months after the location of any section of 20 miles of road, if upon surveyed lands, or if upon unsurveyed lands within 12 months after the survey thereof by the United States, the plat of same shall be so filed. It may be doubted that the filing of such plat is required for the purpose of giving notice to others who may desire to occupy such lands, but, as such filing is not required until after the lands are surveyed, it seems more probable that it is to operate as notice to the government that it may exclude from its sales of lands such located rights of way. However this may be, it appearing that, at the times above named, the lands were unsurveyed, the defendant was not required to file any plat. But it further appears that plaintiff, after making its unauthorized survey on said 28th day of October, did no other act upon the premises nor took any possession thereof, until it made another survey in the year 1888, prior to which defendant had completed its road over said premises, and was in full operation and possession of the same. Plaintiff cannot, therefore, complain that it was misled or damaged by such erroneous filing of said plat. The judgment must be that plaintiff take nothing by this action, and that defendant recover its costs, and it is so ordered.